## KEY v. LONDON.

No. 16684—Opinion Filed May 18, 1926.

Rehearing Denied July 6, 1926.

**Replevin—Allegations and Proof—Failure of Proof—Demurrer to Evidence.**

It is elementary that in replevin actions plaintiff must allege and prove title or right of possession in himself as of the date the action is commenced, as well as the wrongful detention by defendant of the property, and where the proof made upon the trial wholly fails to establish either title or right of possession in plaintiff, a demurrer to the evidence is properly sustained.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action in replevin by Gus Key against E. C. London, sheriff. Judgment for defendant on demurrer to plaintiff's evidence, and plaintiff brings error. Affirmed.

On or about July 1, 1924, Carl Holden and Con Keirsey were deputies under E. C. London, sheriff of Carter county. As such deputies they received information in reference to a Ford coupe alleged to have been stolen, and which was located in the garage of Gus Key. In company with Gus Key they went to the garage and examined this car and having identified it as the missing car for which they were looking, took it from Key's garage, he going with them in the car. On July 5, 1924, a complaint sworn to by Carl Holden and indorsed by the county attorney, with the recommendation that "a warrant do issue," was filed with D. W. Butcher, justice of the peace, in which Gus Key was charged with receiving stolen property. Thereafter, on September 17, 1924, this case against Gus Key came on for hearing before the justice of the peace for preliminary examination. The county attorney being unable to procure the attendance of the prosecuting witness, the case was by said justice dismissed for want of prosecution. In addition to his order dismissing this felony complaint for want of prosecution, the justice assumed to enter a further order directing the sheriff to restore said Ford coupe to the defendant, Gus Key.

On July 3, 1924, Key filed in the district court of Carter county this instant action in replevin against the sheriff to recover possession of said Ford car. Upon trial had February 10, 1925, and at the conclusion of plaintiff's evidence, defendant interposed a demurrer thereto, which was by the court sustained, and judgment entered dismissing the action. To review this action of the trial court this proceeding in error has been prosecuted.

Sigler & Jackson, for plaintiff in error.

Hodge & Schenk, for defendant in error.

Opinion by LOGSDON, C. For reversal of this case plaintiff relies upon two propositions:

"First. The judgment is contrary to the law and the evidence.

"Second. The court erred in sustaining the defendant's demurrer to plaintiff's testimony."

In the briefs of both parties filed in this court, the case is presented upon the theory of principal and agent, plaintiff's contention being that E. C. London, sheriff, is responsible for the acts of his deputies in taking said car from Gus Key without the authority of a warrant. Defendant's contrary con-

tention is that the sheriff is responsible only for such acts of his deputies as are done by virtue of their office.

In the view taken of the case here it is not necessary to review and analyze the variant authorities upon these questions cited and relied upon by both parties. The case, as shown by the record brought to this court, presents merely a case of failure of proof on the part of plaintiff to sustain the allegations of his petition. In plaintiff's petition in the instant action he alleged:

"That the plaintiff is the owner of and entitled to the immediate possession of one Ford coupe, motor No. 9338301, valued at $500; that the defendant has possession of same, and that said possession is wrongful, illegal, and unlawful."

The testimony of Gus Key, on direct examination to sustain these allegations of his petition, is here quoted in full as follows:

"Q. Your name is Gus Key? A. Yes, sir. Q. Do you know this car in controversy? A. Yes, sir. Q. Were you ever charged with stealing a car, or having unlawful possession of a car besides this one? A. No, sir. Q. Is that the only case you ever had that you were ever charged with anything like that? A. Yes, sir. Q. You had possession when the deputy sheriff took it? A. Yes, sir. Q. Where? A. The car was located in my garage. Q. Do you know the reasonable market value of this car at the time? A. Yes, sir. Q. What was it? A. $500. Q. Do you know the reasonable rental value per day of a car of this character? A. I could not answer that."

The foregoing is the entire testimony relied upon to show ownership and right of possession to the car in controversy in Gus Key. It is true that the order of the justice of the peace, purporting to order the restoration of this car to Gus Key, was introduced in evidence, but its probative effect is worthless for the reason that at the time of the purported order of the justice of the peace, he was sitting and acting merely as a committing magistrate in a felony case, and discharged the defendant in that case for want of prosecution without hearing any testimony on the merits. At the time he entered the order purporting to restore the possession of this car to Gus Key, the instant case to determine title and right of possession was pending in the district court of Carter county, a court of competent jurisdiction. The car was not taken under the warrant under which Gus Key appeared before said justice for examination, so that the justice of the peace acquired no jurisdiction over the car by virtue of the warrant issued by him July 5th. He could not

legally determine the title and right of possession to the car, even in a direct proceeding brought for that purpose in his court, because the value of the property exceeded his jurisdiction. The order of the justice of the peace, purporting to restore the possession of this car to Gus Key, was therefore coram non judice, and void, and was wholly incompetent and worthless as evidence in the instant action to sustain the allegations of plaintiff's petition.

It is therefore clearly evident that at the close of plaintiff's evidence there was absolutely no testimony or evidence before the court which showed or tended to show title or right of possession in the plaintiff, Gus Key. The court therefore committed no error in sustaining the demurrer of defendant to the evidence of plaintiff. This proposition is so elementary in replevin actions that it is not deemed necessary to cite authorities in support thereof.

The judgment of the trial court is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. pp. 1468, 1469, 1470, 1473, 1501, 1503: 38 Cyc. 1547; 23 R. C. L. p. 866; 3 R. C. L. Supp. p. 1336; 4 R. C. L. Supp.p.1509.